## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 20236.   Opinion Filed June 3, 1930.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for protestant.

C. N. Ernest, Co. Atty., and J. E. Falkenberg, City Atty., for protestee.

ANDREWS, J.   This is an appeal from the judgment of the Court of Tax Review sustaining certain of the protests of the Chicago, Rock Island & Pacific Railway Company against tax levies of Grant county for the fiscal year beginning July 1, 1928, alleged to be excessive, illegal, and void.

The second protest was against the town of Jefferson sinking fund. The basis thereof was that the town of Jefferson failed to show the true balance on hand, but reserved therefrom an amount to pay interest maturing during the succeeding fiscal year. This identical contention was determined by this court in Coggeshall & Co. v. Smiley, 142 Okla. 8, 285 Pac. 48, wherein this court said:

"We cannot approve a reservation of funds derived from a tax for a fiscal year for the purpose of paying a liability that will not arise until the next fiscal year."

Under that rule the judgment of the Court of Tax Review sustaining this protest is affirmed.

The third protest was against the city of Medford sinking fund. The basis thereof was that the city of Medford reserved from the funds on hand an amount for the purpose of paying interest maturing during the next fiscal year, and that an appropriation was made in the amount of $1,041.48 to pay one-third of a void judgment.

Protestant insists that the judgment for which the appropriation was made is void, and the protestee insists that the judgment cannot be collaterally attacked. The record shows that the judgment was rendered on a claim for work, labor, and material for which no appropriation had been made and which was in excess of the income and revenue for that fiscal year. Under the rule announced in the case of St. L.-S. F. Ry. Co. v. Eaton, 122 Okla. 143, 251 Pac. 1032, and followed and applied in Protest of Gypsy Oil & Gas Co., 141 Okla. 291, 285 Pac. 67, that claim was void.

An examination of the record discloses that the judgment was likewise void. The petition did not state a cause of action and on its face showed an attempt to reduce to judgment a claim that was without validity at law and in violation of the limitations contained in section 26, art. 10, of the Constitution. The judgment being void, the appropriation made for the payment thereof was void, and the judgment of the Court of Tax Review sustaining this protest is affirmed.

The fourth protest was against school district No. 54 sinking fund. The basis thereof was that school district reserved from the funds on hand an amount for the purpose of paying interest maturing during the next fiscal year. We have heretofore determined such an interest reservation to be void.

The judgment of the Court of Tax Review on this protest is affirmed.

The fifth protest was against school district No. 54 general fund. The basis thereof was that that school district failed to properly account for the balance on hand in that fund. The protestant contends that the balance should have been $3,099.08 more than that shown by the school district officials. Protestee contends that all of the appropriation as made except $400 was "protected funds not subject to protest" and that the protest could have been allowed only to the amount of $400. There was no necessity for the reduction of any of the appropriations. When the true balance on hand is considered, ample funds will be available from the rate of levy as reduced for the appropriations as made. The reduction ordered by the Court of Tax Review was in the rate of levy and not in the amount of the appropriations. The judgment of the Court of Tax Review on this protest is affirmed.

The sixth protest was against school district No. 90 sinking fund. The basis thereof was that that school district reserved from the funds on hand an amount for the purpose of paying a judgment that had already been paid and that an appropriation was made for the purpose of paying rental on a gymnasium.

The Court of Tax Review found from the evidence that the school district had made a reservation for accruals on a judgment of which two-thirds had been paid, and that by reason thereof $1,300 should have been considered as surplus in the sinking fund.

It is undisputed that the board included in the appropriations one for $750 for rental on a gymnasium. Rental on a gymnasium is not a proper charge against a sinking fund, but is a current expense, and while the contracting of that indebtedness was approved by the voters, that did not make it a charge against the sinking fund. There is no authority at law for including in the sinking fund an amount for the purpose of paying that sort of a charge.

Since two-thirds of the judgment had already been paid, and since an appropriation was made for the payment of the remaining one-third, the attempted reservation of $1,300 was void.

The judgment of the Court of Tax Review sustaining this protest is affirmed.

The seventh protest was against consolidated school district No. 3 sinking fund. The basis thereof was that that school district reserved from the funds on hand an amount for the purpose of paying interest maturing during the next fiscal year. We have heretofore determined that question. The judgment of the Court of Tax Review sustaining this protest is affirmed.

The eighth protest was against the city of Pond Creek general fund. The basis thereof was a failure to deduct from the amount of uncollected taxes for the previous fiscal year the 10 per cent. added for delinquent taxes at the beginning of that fiscal year. The protestee admits that the deduction should have been made if this court adheres to the holding of this court as announced in Ryan v. Roach Drug Co., 113 Okla. 130, 239 Pac. 912.

We adhere to that holding, and the judgment of the Court of Tax Review sustaining this protest is affirmed.

The protestee contends that the protest therein is insufficient; that the judgment of the Court of Tax Review is insufficient in substance and form; that the evidence adduced is insufficient to impeach a public record; that the evidence is insufficient to support the judgment; that the judgment is contrary to law, and that the demurrer to the protest should have been sustained. We think there is no merit in any of those contentions.

The judgment of the Court of Tax Review is in all things affirmed.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, and SWINDALL, JJ., concur. MASON, C. J., and RILEY, J., absent. CULLISON, J., disqualified.

Note.—See "Municipal Corporations," 44 C. J. §4089, p. 1146, n. 44; §4124, p. 1166, n. 71., "Schools and School Districts," 35 Cyc. p. 979, n. 60.